The STATE of Ohio, Appellee,

v.

GRODHAUS, Appellant.

[Cite as *State v. Grodhaus* (2001), 144 Ohio App.3d 615.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 00CA40.

Decided July 13, 2001.

*Alison L. Cauthorn,* Assistant Washington County Prosecuting Attorney, for appellee.

*Michael E. Morgan,* for appellant.

KLINE, Judge.

Joseph Grodhaus appeals the Washington County Court of Common Pleas' judgment sentencing him to two years' imprisonment for his violation of community control sanctions. Because the trial court failed to select a specific prison term from the range of possible prison terms available for Grodhaus's offense at the original sentencing hearing, we regretfully agree. Accordingly, we reverse the judgment of the trial court.

## I

Grodhaus burglarized a residence in Washington County on March 17, 1997. Grodhaus pled guilty to the burglary charge arising from that incident. The maximum term of imprisonment available for the burglary charge was five years' imprisonment. The court sentenced Grodhaus to five years of community control. At the sentencing hearing, the trial court warned Grodhaus that "[i]f you are found to have violated community control, the court will impose a prison term of up to five years."

Grodhaus subsequently committed several violations of his community control sanctions. The trial court found that prison was consistent with the principles and purposes of sentencing and that the shortest possible prison term would

demean the seriousness of the offense and would not adequately protect the public. Accordingly, the trial court sentenced Grodhaus to two years in prison.

Grodhaus timely appeals, asserting the following single assignment of error:

"The trial court erred when it sentenced appellant to two years in prison after a violation of community control sanction when the court had not previously chosen the specific prison term from the range of prison terms, pursuant to R.C. 2929.14, and indicated that term to appellant * * * as a consequence of such violation."

## II

■ Grodhaus argues in his only assignment of error that the trial court erred in sentencing him to two years in prison because the court did not provide the required statutory notice to preserve the availability of a prison sentence as a penalty for a violation of the community control sanctions. We reluctantly agree.

■ A trial court has three options for punishing offenders who violate community control sanctions. The court may (1) lengthen the term of the community control sanction, (2) impose a more restrictive community control sanction, or (3) impose a prison term on the offender. R.C. 2929.15(B); *State v. Brown* (2000), 136 Ohio App.3d 816, 821, 737 N.E.2d 1057, 1060. R.C. 2929.15(B) states that, if the court opts to impose a prison sentence upon an offender who violates the conditions of his community control sanction, the prison term "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed *the prison term specified* in the notice provided to the offender at the sentencing hearing pursuant to division (B)[5] of section 2929.19 of the Revised Code." (Emphasis added.)

R.C. 2929.19(B)(5) states:

"If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed * * *[,] [t]he court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the *specific* prison term that may be imposed as a sanction for the violation, *as selected by the court from the range of prison terms* for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)

■ Thus, at a sentencing hearing wherein the court intends to impose community control for an offense but wishes to reserve the option of imprisonment upon a violation of community control, the court must select a *specific*

prison term from the range of potential prison terms available for the offense. *State v. Marvin* (1999), 134 Ohio App.3d 63, 68, 730 N.E.2d 401; *State v. McPherson* (2001), 142 Ohio App.3d 274, 755 N.E.2d 426.

In *McPherson,* the trial court informed the offender that "all the factors [were] present" to justify sentencing him to the maximum prison term. In sentencing him to community control instead, the court unequivocally informed the offender that he would be sent to prison if he violated community control. However, the court did not select a prison term from the range of prison terms available for the offense. This court determined that, because the trial court failed to select a specific term from the range of prison terms available for the offense, the trial court could not sentence the offender to prison upon a violation of community control. Likewise, in *State v. Alexander* (Aug. 10, 1999), Lawrence App. No. 98CA29, unreported, 1999 WL 624543, we determined that an appealable issue arose when the sentencing court informed an offender of the minimum and maximum terms of imprisonment available, but did not select a specific term from that range of terms.

We recognize that our view is at odds with other appellate courts of this state. In *State v. Nutt* (Oct. 19, 2000), Franklin App. No. 00AP–190, unreported, 2000 WL 1537898, the court determined that an offender who was informed that he could receive "one to five years" imprisonment for violating community control received sufficient notice under the statute. Likewise, in *State v. Miller* (Dec. 30, 1999), Tuscarawas App. No. 1999AP 02 0010, unreported, 2000 WL 94448, the court found sufficient notification where the trial court informed the offender that he might be imprisoned "for up to the maximum stated term."

The state urges us to accept these interpretations of the statutory sentencing scheme and find that, even if the trial court did err in failing to select a specific term, the error did not prejudice Grodhaus. However, in arriving at our decision in *McPherson,* 142 Ohio App.3d at 280, 755 N.E.2d at 431, we noted that "[i]t is axiomatic that statutes mean what they say." *McPherson,* citing *Lucas Cty. Auditor v. Ohio Bur. of Emp. Serv.* (1997), 122 Ohio App.3d 237, 246, 701 N.E.2d 703, 709; *Woods v. Farmers Ins. of Columbus, Inc.* (1995), 106 Ohio App.3d 389, 394, 666 N.E.2d 283, 286–287. Additionally, we noted that the Ohio Supreme Court has " 'expressed its intent to enforce R.C. Chapter 2929 exactly as it is written.' " *McPherson, id.,* at fn. 4, quoting Griffin & Katz, Ohio Felony Sentencing Law (2000 Ed.) 176, Section AC 2929.19–V, citing *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. Because we are "constrained to apply the law as it is written, not as we might have wished it had been written," *McPherson,* 142 Ohio App.3d at 281, 755 N.E.2d at 432, we must conclude that merely informing an offender of the maximum prison term does not satisfy the requirements of R.C. 2929.19(B)(5).

The state correctly points out that the present statutory scheme also requires the trial court to hold a new sentencing hearing, pursuant to R.C. 2929.14, before it can impose a sentence after a community control violation. See *State v. Brown* (2000), 136 Ohio App.3d 816, 823, 737 N.E.2d 1057, 1061–1062; *State v. Gilliam* (June 10, 1999), Lawrence App. No. 98CA30, unreported, 1999 WL 740248. The state urges that our statutory interpretation, requiring the trial court to notify appellant of a specific prison term to be imposed if he violates community control, pursuant to R.C. 2929.19(B)(5), but then requiring the trial court to revisit the sentencing guidelines when punishing the offender for a violation of those sanctions, presents a conundrum for the sentencing court. However, as we stated in *McPherson:*

"Although we may agree with the state's reasoning, it appears that the Ohio General Assembly has unleashed confusion and complexity with the new sentencing scheme. Moreover, as we have done time and again, we stress that nothing in this opinion should be misconstrued as criticism for the way this case was handled by the trial court or by the prosecutor's office. The problem here lies with the endless complexity of the convoluted and oftentimes contradictory provisions of these statutes." *McPherson,* 142 Ohio App.3d at 282–283, 755 N.E.2d at 433, citing *State v. Evans* (Dec. 13, 2000), Meigs App. No. 00CA003, unreported, 2000 WL 33538779; *State v. Combs* (July 18, 2000), Scioto App. Nos. 00CA2692 and 99CA2679, unreported, 2000 WL 1010770; *State v. Ferguson* (Aug. 19, 1999), Pickaway App. No. 99CA6, unreported, 1999 WL 668822.

Thus, while the trial court clearly attempted to comply with the statute, we cannot affirm its ruling. Grodhaus abused the trial court's trust but will escape any prison time because the court failed to select a specific prison sentence that it would impose for a violation of community control.

We regretfully conclude that the trial court did not indicate during sentencing the specific prison term it would impose for a violation of community control sanctions, and that, therefore, R.C. 2929.15(B) precluded the court from imposing a prison sentence. Accordingly, we sustain Grodhaus's assignment of error, and we remand this case to the trial court for statutorily proper sentencing on Grodhaus's community control violation.

*Judgment reversed.*

PETER B. ABELE, P.J., concurs.

HARSHA, J., dissents.

**620**

HARSHA, Judge, dissenting.

Upon reflection, I agree with my colleagues in the Fifth and Tenth Districts that substantial compliance with R.C. 2929.19(B)(5) is all that's necessary to provide a defendant with notice of the sanction for violating community control. See *Miller* and *Nutt, supra.* I urge the appellee to seek certification of a conflict on this issue.