OPINION.
The defendant-appellant, Marcia Giles, appeals from the trial court's order revoking her community control and sentencing her to incarceration. She asserts that the trial court lacked the authority to sentence her to any period of incarceration because it had violated R.C.2929.19(B) by failing to inform her, when imposing the sanction of community-control, of the specific prison term that she would face for violating the conditions of her release. We agree and thus reverse.
Giles was originally convicted of one count of cocaine possession, in violation of R.C. 2925.11(A), a fifth-degree felony, and one count of tampering with evidence, a violation of R.C. 2921.12(A)(1), a third-degree felony. She was sentenced to three years of intensively supervised community control on each count. At the sentencing hearing, conducted on February 5, 2001, the trial court, in pronouncing sentence from the bench, stated, "All right. Three years of community control, that's intensive supervision. I want her under the Comprehensive Urinalysis Program, 300 hours of community services. You are to make restitution of $65 and pay the costs." No more was said to Giles. In particular, no more was said to Giles regarding the possibility of incarceration if she violated the terms of her community control, and, if she did, what specific prison term she would face.
In the court's written judgment entry sentencing Giles to community control, there appears at the bottom, in form language, the following paragraph: "The Court also advised the defendant that the maximum sentence possible for that degree of felony can be imposed if the defendant violates the terms and conditions of Community Control."
On August 30, 2001, Giles pleaded no contest to several violations of her release. The violations were an additional conviction for obstructing official business; failure to inform the probation department of a new address; failure to report to her probation officer; failure to pay restitution; and failure to appear at several urine screenings. Giles had also managed to complete only 21 of the 300 hours of community service she had been ordered to perform, and had, in fact, been terminated from the program for failure to show up for work.
The trial court, after accepting the no-contest plea, found Giles guilty of the violations and sentenced her to two concurrent terms of twelve months' incarceration.
R.C. 2929.19(B)(5) provides,
 If the sentencing court determines at a sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to [R.C. Section 2929.14].
(Emphasis supplied.)
As can be seen, the plain language of the statute imposes a mandatory duty on the trial court to "notify" the offender of the possibility of a prison term for violating the terms of his or her release and then to "indicate the specific term that may be imposed * * *."
The transcript of the sentencing that took place on February 5, 2001, clearly demonstrates that Giles was not informed of either the possibility of a prison term or the specific term of imprisonment that she would face if she violated the terms of her release. The state argues, however, that the language of the judgment entry should have sufficed. Addressing this issue previously, however, we have held that the "proper practice" under the statutory scheme is for notification to occur at the sentencing hearing or the plea hearing. State v. Akins (Dec. 22, 2000), 1st Dist. Nos. C-000168, C-000169, and C-000170. Form language on the judgment entry will not suffice, particularly where the transcript of the sentencing hearing does indicate that any notice has been given.
Furthermore, even were we to consider that the duty to "notify" was satisfied by the trial court's judgment entry, we reject the state's argument that mere notification of "the maximum sentence possible" complies with the requirements of R.C. 2929.19(B)(5). In this regard, we are aware of the opposite conclusion reached by another panel of this court in State v. Mynhier (Sept. 28, 2001), 1st Dist. No. C-000849, relying in part on this author's decision in State v. Craig (1998),130 Ohio App.3d 639, 644, 720 N.E.2d 966. But this panel now agrees with the dissent by Judge Painter in Mynhier that "R.C. 2929.15(B) clearly contemplates a distinction between telling a defendant of a specific term and telling a defendant of a potential maximum term." The manifest purpose of the statute is to inform the offender of the actual, specific sentence that will be imposed if the court chooses to impose incarceration, not the statutory range of sentences that may be imposed. Accord State v. Grodhaus (2001), 144 Ohio App.3d 615, 618, 761 N.E.2d 80, discretionary appeal not allowed (2001) 93 Ohio St.3d 1476, 757 N.E.2d 774.
R.C. 2929.19(B)(5) does not specify a remedy for a violation of its provisions. One could plausibly argue that, if the offender is informed of the maximum sentence, he or she should expect as much and cannot complain when the maximum or any sentence less than the maximum sentence is imposed. Even if we were to adopt such a harmless-error analysis, however, it does not appear from the transcript that Giles was ever informed of the possibility of a prison term, let alone the maximum prison term. Furthermore, if we were to adopt such a harmless-error analysis, then we would be basically abrogating the plain, mandatory language of the statute that the trial court "shall" inform the offender of the "specific prison term" that may be imposed. While we do not rule out any scenario under which a plain-error analysis may be appropriate, we hold that, in the usual case, literal compliance with R.C. 2929.19(B)(5) is required as a precondition to imposing a prison sentence for a violation of community-control sanctions. As noted by the court inGrodhaus, "`the Ohio Supreme Court has expressed its intent to enforce R.C. Chapter 2929 exactly as written.'" Grodhaus, supra, at 618, quotingState v. McPherson (2001), 142 Ohio App.3d 274, 280, 761 N.E.2d 80, fn. 4, quoting Griffin Katz, Ohio Felony Sentencing Law (2000 Ed.) 176, Section AC 2929.19-V, citing State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131. We are thus compelled to do the same. Accordingly, because the trial court did not indicate during sentencing the "specific prison term" that it would impose should Giles violate the conditions of her community control, R.C. 2929.19(B)(5) precluded the trial court from imposing a prison sentence. Giles's assignment of error is sustained, the judgment of the trial court is reversed, and we remand this case to the trial court for statutorily proper sentencing on Giles's community-control violations.
Judgment reversed and cause remanded.
Doan, P.J., and Sundermann, J., concur.