DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment that sanctioned Steven Barnhouse, defendant below and appellant herein, for community control violations, in two previous cases. The following errors are assigned for our review:
First assignment of error:
 {¶ 2} "The trial court erred when it sentenced appellant to two consecutive six-month jail terms for violating the conditions of his community control. R.C. 2929.16(A) expressly limits the maximum jail sentence allowable as a community control sanction to six months. The trial court's failure to sentence appellant in accordance with R.C.2929.16(A) denied him due process of law as provided for by theFourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
Second assignment of error:
 {¶ 3} "Appellant's right to the effective assistance of counsel was violated at sentencing when defense counsel failed to object to the trial court's non-compliance with R.C. 2929.16 and imposition of consecutive six-month jail terms."
 {¶ 4} On February 5, 1998, the Athens County Grand Jury returned an indictment in Case No. 98CR10 charging appellant with two counts of non-support of a dependent in violation of R.C. 2919.21(B). Appellant initially pled not guilty, but changed his plea to guilty in order to gain admission into a diversion program. When appellant failed to complete the program, however, the trial court imposed a twelve (12) month suspended prison sentence and placed him on five years of community control.
 {¶ 5} On May 2, 2000, the Athens County Grand Jury returned an indictment in Case No. 00CR69 charging appellant with eight counts of non-support of dependents in violation of R.C. 2919.21(A)(2) 
(B).[1] Appellant eventually pled no contest to two counts in exchange for dismissal of the remaining counts. The trial court sentenced appellant to five years of community control.
 {¶ 6} On March 11, 2002, the prosecution filed a "Notice of Violation of Community Control" in both cases and alleged that appellant committed multiple community control violations.[2] At the April 2, 2002 hearing appellant stipulated to the violations. At the second hearing on April 15, 2002 the trial court ordered (1) that appellant's community control continue; and (2) that appellant serve six months in jail for each violation; and (3) the jail sentences be served consecutively to one another. This appeal followed.
 I {¶ 7} Appellant argues in his first assignment of error that the trial court erred by imposing two jail terms for his violating community control violations. His argument is based on R.C. 2929.16(A) which provides:
 {¶ 8} "(A) The court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. The court imposing a sentence for a fourth degree felony OMVI offense under division (G)(1) of section2929.13 of the Revised Code may impose upon the offender, in addition to the mandatory term of local incarceration imposed under that division, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration required for the offense. Communityresidential sanctions include, but are not limited to, the following:
 {¶ 9} "(1) A term of up to six months at a community-basedcorrectional facility that serves the county;
 {¶ 10} "(2) Except as otherwise provided in division (A)(3) of this section and subject to division (D) of this section, a term of up to six months in a jail;
 {¶ 11} "(3) If the offender is convicted of a fourth degree felony OMVI offense and is sentenced under division (G)(1) of section 2929.13 of the Revised Code, subject to division (D) of this section, a term of up to one year in a jail less the mandatory term of local incarceration of sixty or one hundred twenty consecutive days of imprisonment imposed pursuant to that division;" (Emphasis added.)
 {¶ 12} Appellant contends that this statute limits the amount of jail time to a total of six months that can be imposed as part of community control. Appellant cites State v. Lehman (Feb. 4, 2000), Lucas App. No. L-99-1140, wherein the Sixth Appellate District reversed a judgment that imposed consecutive jail terms as part of community control and held that "any residential sanctions pursuant to R.C. 2929.16 for multiple offenses would have to be concurrent." Appellant invites us to adopt the Lehman holding and rule that he could not be sentenced to more than six months total jail time. For the following reasons, we decline appellant's invitation.
 {¶ 13} Recently, the Ninth Appellate District considered this issue and rejected the Lehman holding. In State v. Culgan (2001),147 Ohio App.3d 19, 24-25, 768 N.E.2d 712, 716, the court gave the following explanation:
 {¶ 14} "Appellant has argued that the court cannot impose consecutive sentences of residential community control under R.C.2929.16(A) on a criminal defendant who has been found guilty of multiple felony offenses. To support his argument, appellant has relied on Statev. Lehman (Feb. 4, 2000), Lucas App. No. L-99-1140, 2000 WL 125795. InLehman, the Sixth District Court of Appeals reversed the four consecutive six-month jail terms that the trial court imposed upon the defendant-appellant pursuant to R.C. 2929.16(A) after finding her guilty of four separate felony offenses. Id. In so doing, the Lehman court found that the legislature intended the maximum term for a residential community control sanction to be six months, regardless of the number of felonies. Id. Under the Lehman court's analysis, any residential sanctions pursuant to R.C. 2929.16 for multiple offenses would have to be concurrent. See id. However, the decision of the Sixth District Court of Appeals is not binding on this court, and this court does not agree with the Sixth District's interpretation of R.C. 2929.16. The language of R.C. 2929.16 is unambiguous. R.C. 2929.16(A) refers to imposing asentence for "a felony" in the singular. It logically follows thatmultiple residential community sanctions may be imposed where thecriminal defendant has been found guilty of multiple felony offenses. This court does not believe that it was the intent of the legislature to limit the power of the sentencing court to a maximum sentence of six months regardless of the number of felonies of which a defendant was convicted. The language of R.C. 2929.16(A) also provides that the sentencing court may `impose any community residential sanction or combination of community residential sanctions under this section.' Nothing in the language of R.C. 2929.16 prohibits a sentencing court from ordering that multiple residential community sanctions be served consecutively. Therefore, if a defendant were found guilty of multiple felony offenses, multiple periods of residential community control could be imposed, and the sentences could be ordered to be served consecutively." (Emphasis added.)
 {¶ 15} We agree with the Culgan court's reasoning. R.C. 2929.16(A) refers to "a" sentence being imposed for "a" felony. This statute speaks in the singular and we find no language to suggest that when multiple offenses are involved, "a" six month sentence cannot be imposed for each offense. Statutes mean what they say, State v. Grodhaus (2001),144 Ohio App.3d 615, 618, 761 N.E.2d 80; State v. McPherson (2001),142 Ohio App.3d 274, 280, 755 N.E.2d 426, and we find nothing in R.C.2929.16(A) to support the conclusion that only six months of total jail time can be imposed regardless of the number of offenses involved. If the Ohio General Assembly had intended such a result, they could have expressly stated that position in the statute. They did not.
 {¶ 16} Therefore, we reject the Lehman holding and conclude in the case sub judice the trial court did not err by imposing consecutive six month sentences. Accordingly, we overrule appellant's first assignment of error.
 II {¶ 17} Appellant argues in his second assignment of error that he received ineffective assistance because his trial counsel did not argue that R.C. 2929.16(A) prohibited the imposition of consecutive six month sentences. We are not persuaded.
 {¶ 18} In order to obtain the reversal of a conviction on grounds of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such deficient performance prejudiced the defense so as to deprive him of a fair trial. SeeStrickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674,104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67,752 N.E.2d 904; State v. Goff (1998), 82 Ohio St.3d 123, 139,694 N.E.2d 916. In the instant case, appellant failed to show that his trial counsel's performance fell below the standard required by the United States Constitution.
 {¶ 19} As we noted above, our resolution of appellant's first assignment of error determines that R.C. 2929.16(A) does not prohibit the imposition of consecutive six month jail terms when multiple offenses are involved. Defense counsel's failure to raise a meritless issue does not constitute ineffective assistance of counsel. See State v. Nitenson
(Feb. 24, 1994), Highland App. No. 91CA796 (Entry on Application to Re-Open Appeal); Thomas v. United States (C.A.8, 1991), 951 F.2d 902,905. Therefore, because the trial court's sentence was permitted under the statute, we find no deficient performance by appellant's trial counsel. Accordingly, we overrule appellant's second assignment of error.
 {¶ 20} Having reviewed all errors assigned and argued by appellant, and finding merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[1] This second case involves two children who are apparently not the subject of the first case.
[2] The violations included the consumption of alcohol, a DUI conviction, his failure to report the DUI to a supervising officer, a separate arrest for public intoxication, his failure to appear in court on the public intoxication charge and his failure to report that charge to his supervising officer.