[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} On November 1, 2002, defendant-appellant Gregory Tate pleaded no contest to violations of his community-control sanctions. The trial court accepted the plea, revoked Tate's community control and sentenced him to a two-year prison term. Bringing forth one assignment of error, Tate now appeals the imposition of that sentence. For the following reasons, we reverse the judgment of the trial court and remand for resentencing.
 {¶ 3} In his single assignment of error, Tate maintains that the trial court erred by imposing a prison sentence following the revocation of his community control, when the court had failed to inform Tate at the original sentencing hearing of the specific prison term he would serve if he violated his community-control sanctions. We agree.
 {¶ 4} R.C. 2929.19(B)(5) states that "[i]f the sentencing court determines at the sentencing hearing that a community control sanction should be imposed * * * [,][t]he court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.) In State v. Giles,[1] we held that "in the usual case, literal compliance with R.C. 2929.19(B)(5) is required as a precondition to imposing a prison term for a violation of community-control sanctions." In that case, we reversed the trial court's imposition of a prison term for violations of community-control sanctions, because the trial court had failed to inform the offender at sentencing both of the possibility of a prison term and of the specific term she faced if she violated her community-control sanctions.
 {¶ 5} Here, the trial court informed Tate at the original sentencing hearing that if he violated his community-control sanctions, he could be sent to prison for "up to five years." This failed to comply with R.C. 2929.19(B)(5) because instead of setting forth a specific prison term, it merely informed Tate of the potential maximum sentence the trial court could impose if Tate violated his community-control sanctions. This court has previously explained, "The manifest purpose of the statute is to inform the offender of the actual, specific sentence that will be imposed if the court chooses to impose incarceration, not the statutory range of sentences that may be imposed."[2]
 {¶ 6} Although the state urges us to adopt a "substantial compliance" standard with respect to R.C. 2929.19(B)(5), we note that the Ohio Supreme Court has "`expressed its intent to enforce R.C. Chapter 2929 exactly as it is written.""[3] Accordingly, we are "constrained to apply the law as it is written, not as we might have wished it had been written."[4]
 {¶ 7} Because the trial court was precluded from imposing a prison sentence "because the trial court did not indicate during sentencing the `specific prison term' that it would impose should [Tate] violate the conditions of his community control,"[5] we sustain his assignment of error. Therefore, the judgment of the trial court is reversed, and we remand this case to the trial court for statutorily proper sentencing on Tate's community-control violations.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] 1st Dist. No. C-010582, 2002-Ohio-3297.
[2] See id. at ¶ 9.
[3] State v. Grodhaus, 144 Ohio App.3d 615, 2001-Ohio-2511,761 N.E.2d 80, quoting State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
[4] State v. McPherson, 142 Ohio App.3d 274, 281, 2001-Ohio-2373,755 N.E.2d 426.
[5] Giles, supra, at ¶ 11.