{¶ 1} This is a delayed appeal of a prison sentence imposed on Tim Jones ("Appellant") after he violated his community control sanctions. Because the trial court did not reserve the right to impose any specific prison sentence for violation of community control sanctions, it could not impose a prison term for violating these community control sanctions. We must therefore sustain Appellant's first assignment of error in this appeal and reverse the trial court's order imposing a prison term.
 {¶ 2} On February 16, 2001, Appellant pleaded guilty to three counts of trafficking in drugs, in violation of R.C. 2925.03(A), which are fifth degree felonies. On February 22, 2001, the Harrison County Court of Common Pleas sentenced Appellant to three years of community control sanctions, including six months of residential treatment at Eastern Ohio Correction Center.
 {¶ 3} On August 1, 2001, the Harrison County Prosecutor's Office filed a Motion to Revoke Community Based Control Sanctions due to Appellant's behavior problems at Eastern Ohio Correction Center. The court held a hearing on the motion on August 15, 2001.
 {¶ 4} On August 16, 2001, the court filed a Judgment Entry finding that Appellant had violated his community control sanctions. The court sentenced Appellant to eleven months in prison on each of the three counts of trafficking in drugs, to be served consecutively. The court granted Appellant 148 days for time served. Appellant's calculated release date is December 18, 2003.
 {¶ 5} Appellant did not file an immediate appeal of the prison sentence. Instead, on October 30, 2001, Appellant filed a Motion for Judicial Release. The trial court denied the motion on December 13, 2001. Appellant filed a Motion for Reconsideration for Judicial Release on January 14, 2002. On January 17, 2002, Appellant filed a Motion to Vacate, Suspend, or Modify Sentence. Both of these motions were denied by Judgment Entry filed on March 22, 2002.
 {¶ 6} On May 16, 2002, Appellant filed another Motion for Reconsideration for Judicial Release, which was denied on May 29, 2002. Appellant re-filed the motion on July 19, 2002. After a hearing, the court again denied the motion on November 18, 2002.
 {¶ 7} On December 2, 2002, Appellant decided to file a delayed appeal of his original prison sentence. This Court granted Appellant's motion for delayed appeal on January 13, 2003.
 {¶ 8} Appellant's two assignments of error relate to the trial court's decision to impose consecutive prison terms. They will be treated together:
 {¶ 9} "The trial court erred in sentencing Mr. Jones to prison because no prison term was specified at his original sentencing. (February 21, 2002 Entry; February 15, 2001 Tr., p. 10). R.C. 2929.15(B); R.C. 2929.19(B)(5)."
 {¶ 10} "The trial court erred in sentencing Mr. Jones to consecutive prison terms. (August 16, 2001 Entry; August 15, 2001 Tr., p. 61-62). R.C. 2929.14(E)(4); R.C. 2929.19(B)(2)(c)."
 {¶ 11} This appeal challenges the correctness of a felony prison sentence. This Court's standard of review of a felony prison sentence is governed by R.C. § 2953.08(G), which states:
 {¶ 12} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 13} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 14} "* * *
 {¶ 15} "(b) That the sentence is otherwise contrary to law."
 {¶ 16} According to R.C. § 2953.08(G)(2), a reviewing court must show by clear and convincing evidence that the trial court's sentencing decision is in error.
 {¶ 17} The court's original sentencing entry of February 22, 2001, contained the following provision:
 {¶ 18} "The Court may modify this order, consistent with R.C.2929.15, as needed to protect the public and may punish violations of this order by imposing a longer period of supervision, a more restrictive community control sanction, or a prison term."
 {¶ 19} The court did not specify the length of the possible prison term that might be imposed. The court did not state the possible maximum length of any future prison term. The judgment entry makes no other reference to any possible prison term, and no mention is made of a prison sentence in the transcript of the original sentencing hearing. (2/15/01 Tr.)
 {¶ 20} R.C. § 2929.15(B) states in part:
 {¶ 21} "(B) If the conditions of a community control sanction are violated * * * the sentencing court may * * * impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)[5] section 2929.19 of the Revised Code."[1]
 {¶ 22} According to the statute, a trial court may not impose a prison term exceeding that given in the notice required by R.C.2929.19(B)(5), which states:
 {¶ 23} "(5) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify theoffender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on theoffender and shall indicate the specific prison term that may be imposedas a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)
 {¶ 24} Under the current felony sentencing statutes, it is well-established that a trial court cannot impose a prison sentence for violating community control sanctions unless the court has previously notified the defendant of the length of the possible prison term. See, e.g., State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297, ¶ 10;State v. Grodhaus (2001), 144 Ohio App.3d 615, 617-618, 761 N.E.2d 80
(2nd Dist.); State v. Weaver (2001), 141 Ohio App.3d 512, 518,751 N.E.2d 1096 (7th Dist.); State v. Osborn (June 26, 2001), 3rd Dist. No. 9-2000-107; State v. Nutt (Oct. 19, 2000), 10th Dist. No. 00AP-190;State v. Miller (Dec. 30, 1999), 5th Dist. No. 1999-AP-02-0010. Although there is some disagreement among the appellate courts about whether the trial court must state the exact prison term that will be imposed, or need only state the maximum possible prison sentence, all appellate courts agree that it must be one or the other of those two options. This Court has held that the prison term, "must be within the range of possible sentences for that crime, and cannot exceed the potential sentence stated to the defendant at the original sentencing hearing."State v. Love, 7th Dist. No. 00 CA 255, 2002-Ohio-7178, ¶ 25, citingWeaver, supra.
 {¶ 25} There is also some disagreement among the appellate courts about how the trial court must notify the defendant of any potential prison term. Some courts require the notice to be in the sentencing entry, while others also look to the transcript of the sentencing hearing or plea hearing. See, e.g., Grodhaus, supra; cf. State v. Mynhier
(2001), 146 Ohio App.3d 217, 765 N.E.2d 917.
 {¶ 26} The Ohio Supreme Court has recently held that the trial court must make certain findings on the record at the sentencing hearing in order to impose maximum or consecutive prison terms. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus. In this case, no notice of a specific or maximum prison sentence was given at any hearing or in the sentencing entry.
 {¶ 27} The clear position of Ohio's appellate courts is that, "[i]f no prison term was specified at the original sentencing, it follows that no prison term may be imposed." State v. Virasayachack (2000),138 Ohio App.3d 570, 138, 741 N.E.2d 943.
 {¶ 28} The trial court did not specify any possible prison term in its judgment entry and did not mention the possibility of a prison term at the original sentencing hearing. Therefore, we can only reach the conclusion that the trial court could not impose a prison term for a violation of community control sanctions. Appellant's first assignment of error is sustained. Appellant's second assignment of error dealing with consecutive sentences is moot, because we have determined that the trial court did not have authority to impose any prison term, consecutive or otherwise. The August 16, 2001, judgment entry is hereby reversed and this case is remanded to the trial court for further proceedings.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only.
[1] The reference to R.C. 2929.19(B)(3) has been recognized as an error in the statute, and is meant to be a reference to R.C. 2929.19(B)(5).State v. Virasayachack (2000), 138 Ohio App.3d 570, 574,741 N.E.2d 943.