DECISION AND JUDGMENT ENTRY
{¶ 1} John Rosser appeals the trial court's judgment sentencing him to an eighteen-month prison term for violating community control sanctions. He contends that the sentencing statutes prohibited the court from imposing that sentence.
 {¶ 2} R.C. 2929.19(B)(5) precludes a court from imposing a prison term upon a community control violator unless the court notified the offender at the original sentencing hearing of the specific sentence the court could impose for community control violations. Because the trial court failed to do that, we sustain appellant's assignment of error, reverse the court's sentence, and remand for resentencing.
 {¶ 3} In May of 2001, appellant pled guilty to burglary and grand theft. In October of 2001, the court sentenced appellant to community control for five years. Its entry recites that the court "notified [appellant] of the sanctions if he violates community control including the maximum prison term of up to 1 ½ years." The entry also stated: "Violation of any of this sentence shall lead to a more restrictive sanction including but not limited to a prison commitment of up to 1 ½ years."
 {¶ 4} Following appellant's third community control violation, the trial court sentenced him to eighteen months imprisonment.
 {¶ 5} Appellant timely appealed the trial court's judgment and raises the following assignment of error: "The trial court erred when it sentenced Mr. Rosser to 18 months in prison after a violation of community control sanctions when it had not previously set a specific prison term pursuant to R.C. 292.19(B)(5)."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erroneously sentenced him to an eighteen-month prison term when it failed to specify a prison term at his original sentencing hearing.
 {¶ 7} The state agrees that the court did not, in accordance with our decision in State v. Grodhaus (2001),144 Ohio App.3d 615, inform appellant at the sentencing hearing of the specific prison sentence it would impose if he violated community control. However, the state asserts that the court subsequently corrected this error when, following appellant's second community control violation, the court filed an entry that advised appellant that a future community control violation could result in a prison term of one year for burglary and six months for grand theft. The state asserts: "[I]nstead of waiting for an appeal to be taken on the Defendant's sentence, the Court chose to correct the record on its own, which it could have done pursuant to a remand after an appeal."
 {¶ 8} Recently, the Ohio Supreme Court has resolved the precise issue presented here. See State v. Brooks,103 Ohio St. 134, 2004-Ohio-4746, 814 N.E.2d 837. In Brooks, the court held that a trial court may not impose a prison term upon a community control violator, unless the court, "at the time of the sentencing, notif[ies] the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction." Id. at paragraph two of the syllabus. Brooks specifically states that "a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing." Id. at ¶ 15. The court rejected the argument that a subsequently filed journal entry could satisfy R.C. 292.15(B)(5). Id. at ¶ 16.Brooks further requires the court to set a specific prison term that the court will impose. The court stated: "By choosing the word `specific' in R.C. 2929.19(B)(5) to describe the notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as `twelve months' incarceration,' if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite terms, such as `up to 12 months.'" Id. at ¶ 19.
 {¶ 9} Brooks comports with our previous decision inGrodhaus, where we stated that R.C. 2929.19(B)(5) is clear that a trial court must notify an offender at the sentencing hearing
of the specific prison term that will be imposed if the offender violates the terms of a community-control sanction. See State v.Grodhaus (2001), 144 Ohio App.3d 615, 617-618, 761 N.E.2d 80;State v. McPherson (2001), 142 Ohio App.3d 274, 755 N.E.2d 426;State v. Cossin, Athens App. No. 02CA32, 2003-Ohio-4246. If the court intends to impose community control for an offense but wishes to reserve the option of imprisonment upon a violation of community control, the court must select a specific prison term from the range of potential prison terms available for the offense and notify the offender of that sentence at the sentencing hearing. See Grodhaus; McPherson. Nothing in the statute allows the trial court to subsequently inform the defendant of the prison term that it will impose for a community control violation.
 {¶ 10} In this case, the trial court's prison sentence violates Brooks and our earlier decisions. The court did not notify appellant at the sentencing hearing of the specific prison term that it would impose if appellant violated community control. Under these circumstances, Brooks states that the proper remedy is to remand the matter to the trial court for re-sentencing "with a prison term not an option." Id. at ¶ 33.
 {¶ 11} Accordingly, we sustain appellant's first assignment of error, reverse the trial court's judgment, and remand for re-sentencing.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.