DECISION AND JUDGMENT ENTRY
{¶ 1} Joshua Guilkey appeals the trial court's judgment sentencing him to six years incarceration following his violation of community control sanctions. Guilkey argues that this sentence is improper because the judgment entry imposing community control sanctions states that he would receive "up to five years" incarceration for a violation. We conclude that, although troublesome, the language in the sentencing entry is not binding because State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837, requires that the court provide proper notice of the potential sentence at the sentencing hearing itself. However, the court erroneously informed Guilkey at the sentencing hearing that he would receive seven and one-half years if he violated his community control sanctions when the maximum sentence Guilkey could receive was six years. Thus, the notice did not comply with the mandates of R.C. 2929.19(B)(5), which requires the court to select the term from the range of available prison terms. We reverse the sentence of the trial court and remand this matter for further action consistent with this opinion.
 {¶ 2} The State filed a Bill of Information charging Guilkey with one count of burglary (a third degree felony), one count of theft (a fifth degree felony), and three counts of petty theft (first degree misdemeanors). Guilkey pled guilty to all charges and the court sentenced him to five years of community control sanctions. At the sentencing hearing, the court informed Guilkey that "[v]iolation of [the community control sanctions] shall lead to more restrictive sanctions or longer sanctions or [a] longer prison term of seven and one-half years." However, the sentencing entry states that "[v]iolation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to 5 years."
 {¶ 3} Less than two months after the court sentenced Guilkey, the probation department notified the court that Guilkey had violated the terms of his community control sanction by testing positive for cocaine and failing to report to the Intensive Supervision Probation Department. After Guilkey stipulated that he violated the terms of his community control, the court revoked the community control sanctions and sentenced him to a total of six years incarceration.
 {¶ 4} Guilkey appealed the imposed sentence, assigning the following errors:
I. The trial court erred when it sentenced Appellant to a term of six years in prison after violations of community control sanctions when the court had previously indicated in its sentencing entry it would sentence Appellant to five years in prison for any violation.
II. The trial court erred when it sentenced Appellant to six years in prison after a violation of community control sanctions when the court had not previously chosen the specific prison term from the range of prison terms, pursuant to R.C. 2929.14, and indicated that term to Appellant as a consequence of such violation.
 {¶ 5} A trial court has three options for punishing offenders who violate community control sanctions. The court may (1) lengthen the term of the community control sanction, (2) impose a more restrictive community control sanction, or (3) impose a prison term on the offender. See R.C. 2929.19(B)(5) and State v. McPherson, 142 Ohio App.3d 274,278, 2001-Ohio-2373, 755 N.E.2d 426. R.C. 2929.15(B) states that, if the court opts to impose a prison sentence upon an offender who violates the conditions of his community control sanction, the prison term "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(5) of section 2929.19."
 {¶ 6} R.C. 2929.19(B)(5) states:
If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed * * * [,] [t]he court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.
 {¶ 7} Thus, at a sentencing hearing where the court intends to impose community control for an offense but wishes to reserve the option of imprisonment upon a violation of community control, the court must select a specific prison term from the range of potential prison terms available for the offense. State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837; State v. Rosser, Athens App. No. 04CA8, 2004-Ohio-6159. If the offender violates the terms of community control and the court deems it appropriate, the court may impose that sentence, or a lesser but not a greater sentence, on the offender. Brooks at ¶ 22.
 {¶ 8} The trial court informed Guilkey at the sentencing hearing that it would impose a seven and one-half year prison sentence if he violated the terms of his community control. This sentence exceeds the range of prison terms available. Guilkey pled guilty to a third degree felony, punishable by a maximum term of five years, and a fifth degree felony, punishable by a maximum term of twelve months. He also pled guilty to three first degree misdemeanors, punishable by maximum terms of six months for each count. Under R.C. 2929.41(A), a jail term or sentence for a misdemeanor must be served concurrently with a prison term for a felony. Therefore, the maximum prison term the court could impose on Guilkey was six years, not the seven and one-half years the court stated it would impose if he violated his community control sanctions.
 {¶ 9} In both of his assigned errors, Guilkey challenges the imposed sentence based on the language in the court's sentencing entry that states that a violation of his community control sanctions would subject Guilkey to a "prison term of up to 5 years." In his first assignment of error, Guilkey contends that the court could not sentence him to six years incarceration because it exceeded the five year term stated in the entry. In his second assignment of error, Guilkey contends that the court could not impose the prison term because it failed to designate a specific sentence in the entry.
 {¶ 10} It is generally true that a trial court speaks only through its journal entries. Wilkin v. Wilkin (1996), 116 Ohio App.3d 315, 318,688 N.E.2d 27, citing State v. King, 70 Ohio St.3d 158, 162, 1994-Ohio-412,637 N.E.2d 903. However, the Ohio Supreme Court has held that a trial court must inform a defendant at the sentencing hearing of the sentence to be imposed if he violates the community control sanctions. Brooks,
supra. Provision of this information in the judgment entry is insufficient. Id. Therefore, although we are troubled by the erroneous language in the sentencing entry, it does not affect the validity of Guilkey's sentence.
 {¶ 11} However, the court failed to comply with the mandates of R.C.2929.15(B) when it specified a prison term outside the range of terms available for the offenses for which the court imposed community control. This error mandates a reversal of Guilkey's sentence. While we understand the dissent's position, the syllabus law of State v. Fraley,105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, states that when a court fails to properly notify an offender at his original sentencing of the exact term of imprisonment he faces if he violates his community control sanctions, the court cannot sentence that offender to prison. However, the court may notify the offender at the sanctions hearing that further violations will lead to a specific prison term and, upon another violation, impose that prison term. Id. at ¶ 17. Because the court failed to notify Guilkey of the specific prison term that it would impose for a sanctions violation as required by Fraley, the error is not harmless.
 {¶ 12} Although we find no merit in Guilkey's first or second assignments of error, we conclude that the court nonetheless created plain error in sentencing Guilkey to six years incarceration when it failed to comply with R.C. 2929.19(B)(5).
Therefore, we reverse Guilkey's sentence and remand this matter to the trial court for further action consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.