The STATE of Ohio, Appellee,

v.

CARTER, Appellant.

[Cite as *State v. Carter* (1999), 136 Ohio App.3d 367.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 99–CA–67.

Decided Dec. 10, 1999.

*William F. Schenck,* Greene County Prosecuting Attorney, and *Robert K. Hendrix,* Assistant Prosecuting Attorney, for appellee.

*Suzanne M. Lough Wynn,* for appellant.

BROGAN, Judge.

Defendant–Appellant Dee Emmett Carter plead guilty to receiving stolen property on October 12, 1998. Thereafter, he was sentenced to "three years of community control, to include up to a six-month county jail sentence * * *, substance abuse treatment and basic community supervision." The trial court informed Carter at the sentencing hearing that if he violated the conditions of community control that "the underlying prison term that would be ordered would be 12 months."

On February 22, 1999, Carter was placed in Franklin County Community Based Correctional Facility pursuant to his sentence. One month later, he was unsuccessfully discharged from this program. On March 24, 1999, Carter's probation supervisor filed a motion and affidavit requesting that his community control sanctions be revoked.

On May 19 and June 11, 1999, the trial court held a merit hearing to determine whether Carter's community control sanctions should be revoked. At this hearing, the trial court found that Carter had violated his community control sanctions and felt the nature of the violation constituted increasing his prison sentence to eighteen months. Carter appeals from this decision of the trial court raising the following assignment of error:

"The trial court erred by increasing the appellant's sentence upon a finding that appellant had violated community control sanctions."

█ Pursuant to R.C. 2929.19(B)(5), when a trial court sentences a defendant to community control sanctions, the court is required to advise the defendant that if the conditions are violated, the court may impose a longer term under the same sanction, a more restrictive sanction, or a prison term. Further, the court is required to advise the defendant of the specific prison term that will be imposed for violation of community control sanctions. *Id.* This prison term must be within the range allowed in R.C. 2929.14. *Id.*

█ Carter was sentenced for possession of stolen property, in this case an automobile, which is a felony of the fourth degree. Therefore, the range of

prison terms pursuant to R.C. 2929.14(A)(4) is six to eighteen months. The trial court advised Carter at his sentencing hearing that a twelve-month prison term would be imposed if he were to violate his community control sanctions.

Thereafter, at the merit hearing, the trial court found that Carter had violated his community control sanctions and sentenced him to eighteen months in prison. Although this is an appropriate sentence under R.C. 2929.14, it is not the sentence communicated to Carter at his sentencing hearing. Pursuant to R.C. 2929.15(B), when community control sanctions are violated, the trial court may impose a prison term within the ranges provided in R.C. 2929.14, but "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code." In other words, a trial court may only sentence an individual to a prison term for violation of community control sanctions when: (1) defendant was informed during the sentencing hearing of the prison term to be imposed for violation of the sanctions; and (2) the prison term does not exceed the term defendant was notified of during the sentencing hearing. See *State v. Gilliam* (June 10, 1999), Lawrence App. No. 98 CA 30, unreported, at 18, 1999 WL 740248.

In the present case, the trial court advised Carter that a twelve-month prison sentence would be imposed for violation of community control sanctions. Based on R.C. 2929.15(B), the trial court may not sentence Carter for more than twelve months.

Accordingly, the decision of the trial court is *reversed.* It is hereby ordered that Carter's sentence is modified from eighteen months to twelve months.

*Judgment accordingly.*

FREDERICK N. YOUNG and KERNS, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, was assigned to active duty under Section 6(C), Article IV, Ohio Constitution.