DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas which, following a determination that appellant, Dana Wahl, had violated his community control sanctions, sentenced him to consecutive terms of incarceration. For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgment of the trial court.
The following facts are relevant to this appeal. Appellant was indicted on two counts of non-support, a felony of the fifth degree, on December 7, 1999. On January 12, 2000, appellant entered a plea of no contest to both counts and entered a pretrial diversion program for thirty-six months.
On August 10, 2000, a motion to revoke the pretrial diversion program was filed. In a September 14, 2000 judgment entry, the trial court revoked the pretrial diversion program and found appellant guilty of two counts of non-support.
A hearing was held on November 6, 2000. A transcript of this proceeding is not part of the record on appeal. In a November 6, 2000 judgment entry, the trial court stated appellant was amenable to community control. Appellant was sentenced to five years of community control. In the judgment entry, the trial court stated that appellant had been advised that if he violated the terms of community control, he could be sentenced to a term of up to twelve months on each count. The conditions of community control stated that appellant maintain employment and pay child support.
Two notices of violation of appellant's community control sanctions were filed based upon appellant's lack of employment. The trial court continued appellant's community control. On August 21, 2001, a third notice of violation of community control sanctions was filed, again because appellant was not employed. A hearing was held on September 10, 2001. The trial court found appellant was no longer amenable to community control and sentenced him to a term of eight months on each count, to be served consecutively. Appellant filed a timely notice of appeal and assigns the following as error:
 "THE TRIAL COURT VIOLATED THE APPELLANT'S EXPECTATION OF FINALITY IN HIS SENTENCE OF FORTY-FIVE DAYS INCARCERATION WHEN IT RE-SENTENCED THE APPELLANT TO DUAL TERMS OF EIGHT MONTHS INCARCERATION TO BE RUN CONSECUTIVELY.
 "THE TRIAL COURT DID NOT MAKE THE APPROPRIATE FINDINGS NECESSARY TO SENTENCE THE DEFENDANT TO CONSECUTIVE TERMS OF INCARCERATION REQUIRED BY R.C. § 2929.14"
In his first assignment of error, appellant argues that the trial court erred when it re-sentenced appellant to dual terms of eight months incarceration to be run consecutively. Appellant's argument evidences a misunderstanding of community control.
Community control sanctions essentially replace the concept of "probation" in Ohio's criminal justice system. See generally Griffin 
Katz, Ohio Felony Sentencing Law (2001 Ed.) 394-396, §§ T5.1 — T5.4. Although similar in their operational effect, community control sanctions differ a great deal from probation in many ways including the manner by which violations of those controls are handled.
R.C. 2929.19(B)(5) provides that a criminal defendant may be sentenced to community control sanctions if the trial court believes it is appropriate and if imposition of this sanction is not prohibited by law. If a community control sanction is violated, R.C. 2929.15(B) provides that the court may impose a longer time under the same sanction if the total time under the sanction does not exceed the five-year limits specified in R.C. 2929.15(A), a more restrictive sanction, or a prison term on the offender pursuant to R.C. 2929.14.
Under R.C. 2929.19(B)(5) and R.C. 2929.15(B), a violator may only be imprisoned for violating community control sanctions if (1) he was previously given notice of the prison term that would be imposed for such violation at the original sentencing hearing, and (2) the term of imprisonment given for violating the community control sanction does not exceed the term for which he was given notice at that prior hearing. See, also, State v. Carter (1999), 136 Ohio App.3d 367, 369. Additionally, when the trial court elects to impose a prison term on a violator, the length of the term imposed must be within the range of prison terms available for the offense for which the sanction that was violated was imposed. R.C. 2929.19(B)(5); R.C. 2929.15(B)
In the case sub judice, the trial court imposed two eight month consecutive sentences on appellant when the trial court found appellant was no longer amenable to community control. Consequently, this court must examine 1) whether the term of imprisonment imposed is within the range of prison terms available for the offense for which the sanction that was violated was imposed and 2) whether appellant was given proper notice of this prison term at the original sentencing hearing.
Appellant was indicted on two counts of non-support, a violation of R.C. 2919.21(B), a felony of the fifth degree. Pursuant to R.C.2929.14(A)(5), an offender convicted of a felony of the fifth degree may generally be sentenced to a prison term ranging from six to twelve months. The eight month prison sentences imposed upon defendant for violating his community control sanctions is therefore within the range of prison terms available for each of the two original non-support offenses.
This court must next examine whether appellant was properly notified of the prison term that would be imposed for violation of his community control sanctions. The trial court's judgment entry of sentence[1]
stated that appellant was notified that "should he violate the terms of Community Control he could be sentenced to prison for a term of up toTWELVE (12) months on EACH of the two counts. (Emphasis sic.)" Thus, appellant had notice of the prison term that could be imposed as a penalty for violation of his community control sanctions. Because the trial court notified appellant of a prison term at the original sentencing and because the prison term was within the prison terms available for the original non-support offense, the court could impose this prison term for violation of his community control sanctions.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred when it failed to make the appropriate findings necessary to sentence appellant to consecutive terms of incarceration. This court finds merit in this assignment of error.
Ordinarily, a trial court may impose consecutive terms of imprisonment only if it makes the three findings required by R.C. 2929.14(E)(4). First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies. Additionally, R.C. 2929.19(B)(2) provides that a court shall make a finding that gives its reasons if it imposes consecutive sentences under R.C. 2929.14.
In the case sub judice, the trial court imposed consecutive sentences on appellant. The trial court failed, however, to fully place its reasons for imposing the consecutive sentences on the record as required by R.C. 2929.19(B)(2). At the hearing, the trial court stated:
 "The Defendant is sentenced to eight months on each of the counts. The Court is making a finding that a single sentence will not adequately punish the Defendant and will not prevent future violations of the law and therefore those sentences are ordered to be served consecutively."
The above finding satisfies the first of three findings required by R.C. 2929.14(E)(4). However, the trial court did not make findings that consecutive terms were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. The trial court also did not find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applied.
Accordingly, appellant's second assignment of error is found well-taken.
On consideration whereof, the decision of the Sandusky Court of Common Pleas is affirmed, in part, and reversed, in part. The decision of that court sentencing appellant to consecutive terms of imprisonment is reversed; all other portions of the decision are affirmed. This case is remanded to the trial court for re-sentencing. Court costs of this appeal are equally assessed.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., and Richard W. Knepper, J., CONCUR.
[1] As noted supra, a transcript of this proceeding is not part of the record on appeal. It is well-established that:
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edward Laboratories, 61 Ohio St.2d 197, 199.