{¶ 1} I must respectfully dissent from the opinion of the majority. I disagree with the majority's analysis concerning the trial court's notice given to Sim pursuant to R.C. 2929.15 and 2929.19.
{¶ 2} R.C. 2929.15(B) provides:
 {¶ 3} "The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)[5] of section 2929.19
of the Revised Code." (Emphasis added.)
{¶ 4} Whereas R.C. 2929.19(B)(5) provides, in part:
 {¶ 5} "The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)
{¶ 6} Simply stated, a trial court may only impose a prison term for violation of community control sanctions if "(1) defendant was informed during the sentencing hearing of the prison term to be imposed for violation of the sanctions; and (2) the prison term does not exceed the term defendant was notified of during the sentencing hearing."[1]
{¶ 7} A review of the transcript of the sentencing hearing held on April 24, 2000, reveals that the trial court did not inform Sim that a prison term could be issued for a violation of the community control sanctions. The trial court only indicated that:
 {¶ 8} "[I]f you come back before me for any reason, whatsoever, I don't care if it's jaywalking, break dancing or picking your nose, you're going to go and you're going to go as long as I can ship you and we will bury you.
 {¶ 9} "If you don't learn, if you haven't learned, we'll find out very shortly, because you'll be back and you'll be buried."
{¶ 10} This warning does not meet the requirements of R.C.2929.19(B)(5), as it does not specifically mention prison, nor does it indicate a specific length of a potential prison term to be imposed for violating the community control sanctions.
{¶ 11} I believe the majority's analysis undermines the strict mandates of the sentencing statute. The statute states that the court "shall indicate the specific prison term that may be imposed." The trial court's vague warning did not accomplish this directive.
{¶ 12} Further, I agree with the Fourth District holding that language contained in a judgment entry of sentence does not satisfy the requirements of R.C. 2929.19(B)(5), because it is not given at the sentencing hearing.[2] R.C. 2929.19 is titled "Sentencing hearing." Moreover, R.C. 2929.19(B)(5) contains the language "at the sentencing hearing." Inserting the language into a judgment entry afterwards is not "at the sentencing hearing."
{¶ 13} Since Sim's sentence was not imposed pursuant to R.C. 2929.15
and R.C. 2929.19(B)(5), it is contrary to law. Therefore, I would find merit in Sim's first assignment of error.
{¶ 14} Having found merit in the first part of Sim's first assignment of error, I would reverse the judgment of the trial court and remand this matter to the trial court for further proceedings.
[1] State v. Carter (1999), 136 Ohio App.3d 367, 369.
[2] State v. McPherson (2001), 142 Ohio App.3d 274, 281, fn. 5, citingState v. Evans (Dec 13, 2000), 4th Dist. No. 00CA003, 2000 WL 33538779.