The STATE of Ohio, Appellee,

v.

BRADLEY, Appellant.

[Cite as *State v. Bradley,* 151 Ohio App.3d 341, 2003-Ohio-216.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2002–CA–11.

Decided Jan. 17, 2003.

Jack W. Whitesell Jr., Champaign County Assistant Prosecuting Attorney, Appellate Division, for appellee.

Michael R. Pentecost, for appellant.

Brogan, Judge.

{¶ 1} Kevin Bradley appeals from the trial court's judgment entry revoking his community control and sentencing him to consecutive terms of 11 months and 17 months in prison.

{¶ 2} Bradley advances two assignments of error on appeal. First, he contends that the trial court erred in imposing a prison sentence upon revoking his community control. Second, he asserts that the trial court erred in imposing consecutive sentences following the community control violation.

{¶ 3} The present appeal stems from Bradley's guilty pleas to charges of theft and failure to appear. Following a hearing, the trial court sentenced him to three years of community control with several conditions, including the completion of a treatment program at Nova House. Bradley subsequently failed to complete the Nova House program, and the state sought revocation of community control. After conducting a hearing, the trial court revoked community control and imposed the consecutive prison sentences set forth above. Bradley then filed a timely notice of appeal.

{¶ 4} In his first assignment of error, Bradley argues that the trial court lacked the authority to impose any prison term upon revoking community control. In support, he notes that the trial court failed to inform him, at the time of his original sentencing, of the specific prison term that he would face for a community control violation. According to Bradley, if a sentencing court wishes to reserve the option of imprisonment for a community control violation, it must pick a specific prison term from the statutory range and inform a defendant of that specific term when community control is imposed. If a sentencing court fails to do so, Bradley argues, it is prohibited from later imposing a prison sentence for a community control violation.

{¶ 5} Upon review, we find Bradley's first assignment of error to be persuasive. As we recognized in *State v. Carter* (1999), 136 Ohio App.3d 367, 368, 736 N.E.2d 915, "[p]ursuant to R.C. 2929.19(B)(5),[1] when a trial court sentences a defendant to community control sanctions, the court is required to advise the defendant that if the conditions are violated, the court may impose * * * a prison

---

1. {¶ a} R.C. 2929.19(B)(5) provides:

{¶ b} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."

term. Further, the court is required to advise the defendant of the specific prison term that will be imposed for violation of community control sanctions." (Footnote added.) This specific prison term must be within the authorized statutory range. Id. If a defendant thereafter violates the terms of his community control, R.C. 2929.15(B) mandates that the trial court "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing" pursuant to R.C. 2929.19(B)(5).

{¶ 6} In the present case, the state concedes the trial court's failure to identify, at the time of Bradley's original sentencing, a specific term of imprisonment that it would impose for a community control violation. Nevertheless, the state suggests that the record demonstrates substantial compliance with this statutory requirement. In support, the state notes that the trial court informed Bradley, during his plea hearing, of the maximum prison sentence that could be imposed for each count. Bradley also acknowledged, during the plea hearing, that he could be "sent to prison" for a community control violation. In addition, the state notes that the trial court informed Bradley, during his sentencing hearing, that if the Nova House would not accept him, then he "most likely" would go to prison.

{¶ 7} In light of the foregoing facts, the state argues that Bradley had notice of "the time that could be served if he violated community control conditions." As a result, the state urges us to find substantial compliance with R.C. 2929.19(B)(5), despite the trial court's failure to inform Bradley, during the first sentencing hearing or in its sentencing entry, of the specific prison term that he would face for a community control violation.

{¶ 8} Upon review, we find the state's argument to be unpersuasive. As an initial matter, it is debatable whether substantial compliance with R.C. 2929.19(B)(5) is sufficient. See State v. Grodhaus (2001), 144 Ohio App.3d 615, 761 N.E.2d 80 (reasoning that R.C. 2929.19[B][5] means what it says and should be enforced exactly as written); State v. Giles, Hamilton App. No. C–010582, 2002-Ohio-3297, 2002 WL 1393559, ¶10 (concluding that "in the usual case, literal compliance with R.C. 2929.19(B)(5) is required as a precondition to imposing a prison sentence for a violation of community-control sanctions"); but, see, State v. Mynhier (2001), 146 Ohio App.3d 217, 224, 765 N.E.2d 917 (finding substantial compliance with R.C. 2929.19[B][5], over a strong dissent, where the trial court informed the defendant, at his plea hearing and in its judgment entry, of the maximum prison sentence that he could receive for a community control violation, but not the specific sentence that he would receive).

{¶ 9} In any event, assuming arguendo that less than strict compliance with R.C. 2929.19(B)(5) may suffice, the record in the present case fails to establish even substantial compliance. As noted above, the statute provides that when a

trial court imposes community control and wishes to reserve the right to impose a prison sentence for a violation, it "shall indicate the specific prison term that may be imposed as a sanction for the violation[.]"  In addition, as we have recognized, R.C. 2929.15(B) mandates that the trial court "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing" pursuant to R.C. 2929.19(B)(5).  Thus, as we noted in *Carter*, a trial court may sentence a defendant to prison for a violation of community control only if he was informed, during the sentencing hearing, of the specific term to be imposed for the violation.  *Carter*, 136 Ohio App.3d at 369, 736 N.E.2d 915.

{¶ 10}  In the present case, the trial court merely informed Bradley, during his plea hearing, of the minimum and maximum prison sentence that he could receive for each count.  At that time, he also acknowledged that he could be "sent to prison" for a community control violation.  At no time, however, did the trial court ever inform him of the specific prison sentence that it would impose for a community control violation.  In our view, informing a defendant of the statutory sentencing range in a plea hearing and telling him that he could go to prison for violating community control do not constitute substantial compliance with R.C. 2929.19(B)(5), which requires a trial court to identify the *specific sentence* that will be imposed for a community control violation.

{¶ 11}  In reaching this conclusion, we observe that finding substantial compliance when a trial court fails to identify a specific sentence as required by R.C. 2929.19(B)(5) would render R.C. 2929.15(B) meaningless.  As noted above, R.C. 2929.15(B) states that upon revoking community control and imposing a term of incarceration, a trial court shall not exceed the prison term specified in the notice given to the offender under R.C. 2929.19(B)(5).  If we were to read R.C. 2929.19(B)(5) as not really requiring a trial court to give notice of the specific prison term that may be imposed as a sanction for a community control violation, then R.C. 2929.15(B), as written, would be impossible to enforce.

{¶ 12}  As Judge Painter of the First District aptly recognized in his dissent in *Mynhier*, "R.C. 2929.15(B) clearly contemplates a distinction between telling a defendant of a specific term and telling a defendant of a potential maximum term.  If it meant that notifying the defendant of the maximum term was sufficient the above language [stating that the term imposed 'shall not exceed the prison term specified in the notice given at sentencing] would be superfluous.  The legislature's intent was obviously this:  the defendant has to be told, 'Comply with the terms of the community control sanctions or you go to jail for ____.'  Thus, by saying that, if the defendant violates, the most that can be given is what was originally specified, the legislature meant 'a deal is a deal—mess up and here's what happens.'  Had the legislature wished the trial court to merely inform a defendant of the potential maximum, it could have said so.  It did not—it said

just the opposite." *Mynhier*, 146 Ohio App.3d at 226, 765 N.E.2d 917 (Painter, J., dissenting).

{¶ 13} Notably, in *Giles* another panel of the First District recently adopted Judge Painter's dissent, rejected the majority position in *Mynhier*,[2] and held that the "manifest purpose" of the foregoing statutory language "is to inform the offender of the actual, specific sentence that will be imposed if the court chooses to impose incarceration, not the statutory range of sentences that may be imposed." *Giles*, supra, 2002-Ohio-3297, at ¶ 9, quoting with approval *Mynhier*, 146 Ohio App.3d at 226, 765 N.E.2d 917 (Painter, J., dissenting); accord *Grodhaus*, 144 Ohio App.3d at 618, 761 N.E.2d 80 (concluding that "merely informing an offender of the maximum prison term does not satisfy the requirements of R.C. 2929.19[B][5]").

{¶ 14} Based on the reasoning and citation of authority set forth above, we hold that the trial court erred in sentencing Bradley to terms of imprisonment upon the revocation of his community control. Prior to revoking community control, the trial court never informed him of the specific sentence that he would face for a community control violation, as required by R.C. 2929.19(B)(5). As a result, the trial court lacked the authority to impose any prison sentence as a sanction for Bradley's community control violation. Accordingly, we sustain his first assignment of error, reverse the judgment of the Champaign County Court of Common Pleas, and remand this cause for resentencing on the community control violation.[3]

Judgment reversed
and cause remanded for resentencing.

WOLFF and GRADY, JJ., concur.

---

**2.** As a result, we note that *Mynhier*'s continued vitality is questionable, even within the First District.

**3.** Having sustained Bradley's first assignment of error, we need not address his second assignment of error regarding the propriety of consecutive sentences. Based on our resolution of Bradley's first assignment of error, his second assignment of error has been rendered moot.