OPINION
{¶ 1} Defendant-Appellant, Patrick Thompson ("Appellant"), appeals a decision by the Crawford County Common Pleas Court revoking his previous sentence of community control and imposing maximum, consecutive sentences for aggravated assault and credit card theft, totaling thirty months of incarceration. Because Appellant was not notified of a specific prison term that could be imposed upon a community control violation, we must reverse the decision of the trial court.
 {¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. In October 1999, Appellant pled guilty to one count of credit card theft, a fifth degree felony, and one count of aggravated assault, a fourth degree felony. Thereafter, Appellant was sentenced to three years of community control on each count to be served concurrently.
 {¶ 3} On April 19, 2002, the State filed its third motion to revoke Appellant's community control, claiming that the conditions of community control had been violated because Appellant allegedly assaulted a woman, tested positive for marijuana usage, violated curfew requirements, and consumed alcohol. Appellant entered a denial to the accusations; however, after a hearing on the matter, the trial court made an initial finding of probable cause followed by a determination of guilt as to Appellant's violation of the conditions of community control.
 {¶ 4} In light of the violations, the trial court revoked Appellant's community control and sentenced him to two maximum, consecutive terms of eighteen months incarceration for aggravated assault and twelve months incarceration for credit card theft. From this decision, Appellant appeals, asserting three assignments of error for our review. Because we find his first assignment to be dispositive of this appeal, we decline to address his remaining errors.
Assignment of Error I
 {¶ 5} "The trial court erred when it sentenced Appellant to 30 months in prison after a violation of community control sanction when the court had not previously chosen the specific prison term from the range of prison terms, pursuant to R.C. 2929.14, and indicated that term to appellant as a consequence of such violation."
 {¶ 6} In his first assignment of error, Appellant contends that the trial court was precluded from sentencing him to a prison term after finding a community control violation because the court failed to previously reserve and inform him of the specific prison sentence that would be imposed upon such violation. Pursuant to R.C. 2929.19(B)(5), when a trial court sentences a defendant to community control sanctions, the court must advise the defendant that if the conditions are violated, the court may impose a longer term under the same sanction, a more restrictive sanction, or a prison term.[1] Furthermore, the court is required to advise the defendant of the specific prison term that will be imposed for violation of community control sanctions.[2] This prison term must be within the range allowed in R.C. 2929.14.[3]
 {¶ 7} The record herein supports Appellant's assertion that the trial court failed, when originally sentencing Appellant, to notify him of any specific prison term that could be imposed for violating community control, as required by R.C. 2929.19(B)(5). We find it important to acknowledge that at Appellant's original plea hearing, he signed a journal entry withdrawing his pleas of not guilty and entering pleas of guilt to both charges. This entry informed Appellant of the maximum terms of incarceration that could be imposed upon a violation of community control, but failed to specify which of the penalties would ultimately constitute his sentence.[4] Thus, we are unwilling to find that this information sufficed as notice to Appellant of his specific sentence.[5]
Additionally, the trial court's judgment entry of sentence notified Appellant that a "[v]iolation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to _____ years." Accordingly, Appellant had no notice of a specific prison term that would be imposed as a penalty for a community control violation.[6]
 {¶ 8} For these reasons, we sustain Appellant's first assignment of error, which renders his remaining errors moot.
 {¶ 9} Having found error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed and the matter remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 BRYANT, P.J., and SHAW, J., concur.
[1] R.C. 2929.19(B)(5). See, also, State v. Carter (1999),136 Ohio App.3d 367, 368.
[2] R.C. 2929.19(B)(5); State v. Monroe (Mar. 18, 2002), Defiance App. Nos. 4-01-27, 4-01-28, 2002-Ohio-1199; Carter,136 Ohio App.3d at 368.
[3] R.C. 2929.19(B)(5).
[4] State v. Marvin (1999), 134 Ohio App.3d 63, 67-68,1999-Ohio-811.
[5] Id. at 68.
[6] Id.