OPINION
{¶ 1} Appellant, Jeremy Adams, appeals from the sentence imposed by the Champaign County Common Pleas Court on April 22, 2003 wherein the court sentenced Adams to five years of community control with notice that a further community control violation would result in a three year prison term.
 {¶ 2} Adams was originally convicted of theft (a fourth degree felony) and engaging in a pattern of corrupt activity (a second degree felony) in July 2000. Adams was sentenced initially to three years of community control. On June 7, 2002, Adams was found to have violated the terms of his community control and the trial court sentenced him to three years in prison. Adams appealed his sentence arguing that the trial court could not impose the prison term because it had not indicated in the original sentencing order what prison term would result from a community control violation. Adams likewise filed a post-conviction petition alleging the same error he raised in his direct appeal.
 {¶ 3} On March 26, 2003, the State conceded the trial court had committed error in the initial sentencing per our opinion inState v. Bradley, 151 Ohio App.3d 341, 2003-Ohio-216.
 {¶ 4} At the resentencing hearing of April 22, 2003, the trial court vacated the original sentence imposed upon Adams. The trial court returned Adams to community control, with the following statements at the hearing:
 {¶ 5} "THE COURT: . . . I believe that the requirement is that the Defendant be returned to prison today so that the prison authorities can determine what the release date is [relative to terms being served for Clark and Greene Counties]. It's not this court that will determine that. It's the prison authorities that will determine that.
 {¶ 6} "The Court has reviewed the sentencing hearing. There was no statement about sentence to be imposed if community control was violated. So the prison sentence is vacated.
 {¶ 7} ". . . .
 {¶ 8} "Mr. Adams is returned to community control.
 {¶ 9} ". . . .
 {¶ 10} "The Defendant is to report to the probation officer the first Monday after release from the institution — first Monday after release from the institution. You'll be required to sign the conditions of supervision.
 {¶ 11} ". . . .
 {¶ 12} "If supervision is violated, three years of prison will be imposed. The Court takes the position that when the Court of Appeals says that prison can't be imposed that that returns any given Defendant to the state where the Defendant was prior to the prison sentence. And in this case that brings the Defendant back on community control, notwithstanding the violations that previously occurred.
 {¶ 13} "Supervision is extended so there will be a five year period. Credit will be given for prison time served on Defendant's sentence, if it's to be imposed at a later date. There is no additional jail time credit from this court because the Defendant is here today on leave from prison and is accumulating prison credit."
 {¶ 14} Although Adams earlier challenged the jurisdiction of the trial court to reimpose any sentence, including community control he did not object specifically to the statement that he would be subject to imprisonment should there be future violations of the new community control sentence.
 {¶ 15} In the journal entry of the resentencing, the trial court stated:
 {¶ 16} "Defendant was placed on community control for three years on July 10, 2000.
 {¶ 17} "Defendant's community control was terminated on June 18, 2002.
 {¶ 18} "Defendant's return to community control does not begin again until Defendant is released from prison.
 {¶ 19} "Defendant's community control is extended to five years maximum and the completion date will be determined when Defendant reports as directed.
 {¶ 20} "The Defendant was returned to the Madison Correctional Institution because calculations indicated that even though the Champaign County sentence was vacated, the Defendant had time remaining on his Clark County sentence which has not been vacated.
 {¶ 21} "The Court contacted the Bureau of Sentence Computation immediately after the hearing to verify that there was still time remaining on Defendant's Clark County sentence.
 {¶ 22} ". . . .
 {¶ 23} "If Defendant fails to successfully complete community control and community control is revoked, Defendant will be sentenced to three years to the Ohio Department of Corrections.
 {¶ 24} ". . . .
 {¶ 25} "Prison credit will be calculated by the Court from the records of the Bureau of Sentence Computation if Defendant's supervision is revoked."
 {¶ 26} (Journal Entry filed on April 22, 2003.)
 {¶ 27} In his first assignment of error, Adams contends the trial court erred in providing for a jail sentence of three years in the event he violates the community control terms. Adams contends the trial court could not vacate its original erroneous sentence and then provide a new sentence in conformance with our holding in State v. Bradley, supra.
 {¶ 28} The State argues that we should overrule this assignment because it is not presently "ripe" for review since appellant has not been sentenced to a prison term for a violation of the conditions of his community control and this assignment may be rendered moot if appellant continues to meet the requirements of his community control. The State notes that we refused to address the issue of the jail time credit Kevin Bradley was entitled to after we issued our opinion in the previously cited opinion of State v. Bradley, supra, because the trial court had not reimposed a sentence upon Bradley for another violation of the terms of his community control. See,State v. Kevin Bradley (September 5, 2003), Champaign App. Case No. 2002-CA-35.
 {¶ 29} We find the State's argument persuasive and we hold that Adams' assignment is overruled for lack of ripeness.
 {¶ 30} In his second assignment, Adams contends the trial court erred in sentencing him to community control for a period in excess of five years.
 {¶ 31} R.C. 2929.15(A)(1) provides that the duration of all community control sanctions imposed upon an offender shall not exceed five years. Adams contends that he was originally sentenced to three years community control in July 2000 and then was resentenced by the court to five additional years in April 2003.
 {¶ 32} The State argues that this assignment is also not ripe for review until probation officers require Adams to maintain community control conditions beyond the five year period.
 {¶ 33} The State also contends that Adams misstates the sentence imposed by the trial court in the April 22, 2003 sentencing entry. The State notes that the trial court merely stated that Adams' community control was extended to the five years maximum and that the completion date of the sentence would be determined when Adams reported as directed. The State notes that Adams' community control period would properly be "tolled" in compliance with the statute during Adams' period of incarceration on the Clark and Greene County charges.
 {¶ 34} R.C. 2929.15(A) provides as follows:
 {¶ 35} "The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years. If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if theoffender is confined in any institution for the commission of anyoffense while under a community control sanction, the period ofthe community control sanction ceases to run until the offenderis brought before the court for its further action." (Emphasis added).
 {¶ 36} We agree with the State's argument that the trial court did not violate the terms of the statute in imposing the sentence upon Adams. The court specifically limited the community control sanction to the maximum five year period. The court tolled the period during Adams' incarceration. The second assignment of error must likewise be overruled.
 {¶ 37} The appellant's appeal from the judgment imposing a three year sentence in case of a community control violation is premature, in all other respects the judgment of the trial court is Affirmed.
Fain, P.J., and Wolff, J., concur.