DECISION.
{¶ 1} Defendant-appellant James A. Shelton appeals his sentence for intimidation of a criminal victim,[1] a third-degree felony. Shelton claims that when the trial court originally sentenced him to community control, it failed to inform him of the specific prison term he could face if he violated the conditions of the community control. Because he is right, we must vacate his sentence and remand his case for resentencing.
 {¶ 2} In May 2001, Shelton threatened his former girlfriend, Mary Fuller, with harm if she followed through with his prosecution for telephone harassment. In 2001, after Shelton had pleaded no contest to a charge of intimidation, the trial court sentenced him to two years in prison.
 {¶ 3} In December 2001, the trial court resentenced Shelton. The court stated its findings on the record and then imposed a community-control sanction for three years, with the conditions that he serve six months in the Hamilton County Justice Center, pay court costs, perform five hundred hours of community service, and complete the Crossroads program. The trial court stated to Shelton, "I just want to let you know if I place you on community control and you violate community control by getting into any major trouble — that's other than a minor misdemeanor — between now and the next three years, I can send you to the penitentiary for up to 5 years, not 2."
 {¶ 4} In December 2002, the state filed a community-control violation against Shelton. The trial court ordered Shelton to continue on community control under the same terms and conditions. In September 2003, the state again filed a community-control violation against Shelton, and Shelton appeared before the trial court. Shelton pleaded no contest to the violation, and the court sentenced him to three years in prison, with credit for time served.
 {¶ 5} In his first assignment of error, Shelton argues that the trial court erred when it imposed a prison sentence for his community-control violation. We agree.
 {¶ 6} In State v. Giles,[2] this court held that the plain language of R.C. 2929.19(B)(5) imposes a mandatory duty on a trial court to notify an offender of the specific prison term that may be imposed if the offender violates the terms of a community-control sanction. We also held that the statute's mandate to "indicate the specific prison term that may be imposed as a sanction for the violation" can not be met by mere notification of the maximum sentence possible.
 {¶ 7} We reasoned that R.C. 2929.15(B) clearly contemplates a distinction between telling an offender about a specific term and telling the offender about the potential maximum term. We held that the purpose of the statute is to inform the offender of the actual, specific sentence that may be imposed, not the statutory range of sentences that may be imposed, if the court chooses to impose a term of incarceration. The statute's plain meaning requires this result.
 {¶ 8} In Shelton's case, the trial court clearly did not state the specific prison term that it could impose if he violated his community-control conditions. The court stated, "I can send you to the penitentiary for up to 5 years, not 2." Because the trial court failed to tell Shelton that it could impose a specific prison term (e.g., three years) if he violated his community control, R.C. 2929.19(B)(5) precluded the court from imposing a prison sentence.
 {¶ 9} Therefore, we sustain Shelton's first assignment of error.
 {¶ 10} We note that there continues to be disagreement among the appellate districts about whether a sentencing court must state the exact prison term that will be imposed or whether the court need only state the maximum possible prison sentence.[3] In any event, the issue will soon be resolved, because the Ohio Supreme Court has certified this conflict and will decide if R.C. 2929.19(B)(5) means what its words say.[4]
 {¶ 11} In his second assignment of error, Shelton argues that the trial court erred when it did not properly calculate the number of days of credit Shelton was to receive for time already served.
 {¶ 12} Our determination under Shelton's first assignment of error that the trial court was precluded from sentencing Shelton to a prison term renders moot the challenge presented in his second assignment of error. Therefore, we do not reach the merits of that challenge.
 {¶ 13} Upon our disposition of the first assignment of error, we vacate the sentence and remand the case for resentencing.
Sentence vacated and cause remanded.
Doan, P.J., and Hildebrandt, J., concur.
[1] R.C. 2921.04(B).
[2] State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297.
[3] See State v. Brooks, 9th Dist. No. 21360, 2003-Ohio-3143;State v. McPherson, 142 Ohio App.3d 274, 2001-Ohio-2373,755 N.E.2d 426; State v. Grodhaus, 144 Ohio App.3d 615,2001-Ohio-2511, 761 N.E.2d 80; State v. Bradley,151 Ohio App.3d 341, 2003-Ohio-216, 784 N.E.2d 134.
[4] See State v. Brooks, 100 Ohio St.3d 1407, 2003-Ohio-4948,796 N.E.2d 535.