DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, the state of Ohio, has filed a motion to dismiss the appeal filed by defendant, Richard M. Pitts. Pitts has not filed a response. The state advances two reasons why this court should dismiss Pitts's appeal; first, the appeal is moot, and second, Pitts does not have an appeal as of right from his sentence and he did not get leave to appeal.
 {¶ 2} The pertinent case history is concise. Pitts was indicted for theft, a fifth degree felony. He pleaded guilty and was sentenced to 11 months in prison and ordered to pay restitution. He timely filed his notice of appeal. Pitts then filed a motion for judicial release pursuant to R.C. 2929.20 which the trial court granted in a judgment entry which states:
 {¶ 3} "Finding the defendant now amenable to community control, the Court modifies defendant's sentence AND THEREFORE imposes 4 years of community control [with conditions].
 {¶ 4} "Defendant [is] notified that violation of community control, violation of any law, or leaving this state without permission of the court or probation officer, will lead to a longer or more restrictive sanction for defendant, including a prison term of 11 Months."
 {¶ 5} The state contends that since Pitts was granted judicial release, the appeal from his 11 month sentence is moot. For the reasons that follow, we disagree.
 Mootness {¶ 6} The state asserts, citing State v. Fox (Mar. 6, 2001), 3d Dist. No. 16-2000-17, that since Pitts is out of prison on judicial release, "there is no controversy appropriate for decision" by the court of appeals and the appeal must be dismissed. In Fox, the defendant was sentenced to 12 months in prison and granted judicial release before his appeal from the sentence was heard. The state filed a motion to dismiss contending that when the defendant was released from prison, his sentencing appeal became moot. The Third District Court of Appeals agreed, stating:
 {¶ 7} "We agree that as to the appellant, this appeal is moot. Nonetheless, a court may decide the issues raised where the issues are capable of repetition yet evade review. * * * Such is the case here." Id. The court then addressed the merits of appellant's appeal.
 {¶ 8} Two other appellate districts have come to the same mootness conclusion as Fox. See State v. Cossin, 4th Dist. No. 02CA32, 2003-Ohio-4246 and State v. McLemore, 2d Dist. No. 18495, 2002-Ohio-931, but each addressed the merits of the appeal as did Fox. We do not agree that an appeal of a sentence is moot if the defendant is granted judicial release while the appeal is pending.
 {¶ 9} R.C. 2929.20 governs judicial release and states in pertinent part:
 {¶ 10} "(I) If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentencethat it reduced pursuant to the judicial release if the offender violatesthe sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. * * *." (Emphasis added.)
 {¶ 11} Thus, the original sentence can be reimposed if the defendant violates his community control. Granting judicial release and placing the defendant on community control does not vacate the original sentence; the defendant may be subjected to the remainder of the sentence at a later date if he violates his community control sanction. See State v.McConnell (2001), 143 Ohio App.3d 219, where the court states, citingState v. Gardner (Dec. 1, 1999), Union App. No. 14-99-24, "R.C. 2929.20(I) does allow a court to, in effect, suspend a prison sentence in the event that a motion for early judicial release has been granted. Additionally, if the conditions of that release are violated, the statute clearly provides that the trial court may `reimpose' the suspended term * * *."McConnell at 223. Thus, the propriety of defendant's original sentence is not moot since it can be reimposed in the future. If the defendant was initially incorrectly sentenced, that incorrect sentence follows him until his community control is completed or the terms of the community control are violated and the remainder of the sentence is reimposed. We find that in the circumstances of this case, the issue of whether a sentencing error was made does not become moot until the sentence has been fully served or the community control period ends. Our decision on this matter is in conflict with the Third District Court of Appeals' decision in State v. Fox (Mar. 6, 2001), 3d Dist. No. 16-2000-17.
 {¶ 12} Article IV, Section 3(B)(4) of the Ohio Constitution states:
 {¶ 13} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judgesshall certify the record of the case to the supreme court for review and final determination." (Emphasis added.)
 {¶ 14} In order to qualify for certification to the Supreme Court of Ohio pursuant to Section 3(B)(4), Article IV of the Ohio Constitution, a case must meet the following three conditions:
 {¶ 15} "First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be `upon the same question.' Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth the rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals."Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594, 596.
 {¶ 16} Accordingly we certify the record in this case for review and final determination to the Supreme Court of Ohio on the following issue:
 {¶ 17} Does an appeal from a defendant's sentence become moot when that defendant is granted judicial release and placed on community control before the appeal of the sentence is decided?
 {¶ 18} The parties are directed to S.Ct. Prac. R. IV for guidance on how to proceed.
 Ripeness {¶ 19} A second issue we must address is whether appellant's appeal from his 11 month sentence is premature. In State v. Adams, 2d Dist. No. 2003-CA-15, 2004-Ohio-3784, the court sentenced defendant to community control and provided for a three year sentence to jail in the event that he violated his community control. Adams appealed, contending that the three year sentence in case of a community control violation was error. The Second District stated:
 {¶ 20} "The State argues that we should overrule this assignment because it is not presently `ripe' for review since appellant has not been sentenced to a prison term for a violation of the conditions of his community control and this assignment may be rendered moot if appellant continues to meet the requirements of his community control. * * *.
"We find the State's argument persuasive and we hold that Adams' assignment is overruled for lack of ripeness." Id., at ¶ 28, 29.
 {¶ 21} This court has recently acknowledged this holding and applied it in State v. Johnson, 6th Dist. No. L-04-1120, 2005-Ohio-319, where we stated:
 {¶ 22} "A community control sanction is a sanction that is `not a prison term and that is described in sections 2929.15, 2929.16, or 2929.18
of the Revised Code.' State v. Ogle, 6th Dist. No. WD-01-040, 2002-Ohio-860, at ¶ 6. Therefore, when a court refers to a potential sentence for the violation of a community control sanction, it is not ripe for review. Id. at ¶ 27. * * * Instead, an assignment of error raising questions concerning R.C. 2929.15(B) is ripe for review only when `the actual sentencing order imposes a prison term for the violation of community control sanctions.' State v. Ogle, at ¶ 16."
 {¶ 23} While this may seem to preclude an appeal in the present case until such time as Pitts violates his community control and the court actually imposes the remainder of his 11 month sentence, such is not the case. In State v. Johnson, supra, we further stated, citing State v.Baker, 152 Ohio App.3d 138, 2002-Ohio-7295, at ¶ 20, "when the court imposes an actual prison sentence but then suspends that sentence and places the defendant on community control, the sentence is immediately appealable."
 {¶ 24} In fact, the Baker court holds that under these circumstances if a sentencing error could have been raised in a direct appeal and was not raised, that error is deemed to have been waived and cannot be raised in an appeal after the sentence is reimposed upon a violation of community control.
 {¶ 25} Accordingly, we find that Pitts's appeal of his 11 month sentence is ripe for review.
 Appealability {¶ 26} The state next argues that this appeal should be dismissed because appellant did not get leave to appeal and he does not have an appeal as of right as delineated in R.C. 2953.08(A), which states:
 {¶ 27} "A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 28} "* * *
 {¶ 29} "(4) The sentence is contrary to law.
 {¶ 30} "* * *."
 {¶ 31} Appellee states that the "only possible subsection the Defendant could avail himself of is R.C. 2953.08(A)(4) which allows an appeal as of right if a sentence is contrary to law." We agree that Pitts's appeal does not fit any other category.[1]
 {¶ 32} The state declares that "anyone can assert that his or her sentence is contrary to law and thus everyone will have an appeal as of right. This was not the legislative intent nor should the Court open such floodgates."
 {¶ 33} Appellee does not cite any authority to support its contention that the legislature did not intend to give all defendants an appeal as of right as long as they allege that their sentence was contrary to law. Whether or not the legislature intended to "open the floodgates" and allow an appeal to anyone alleging that his or her sentence is unlawful, this is precisely what R.C. 2953.08(A)(4) does. In many ways R.C. 2953.08
is not a model of clarity; however, subsection (A)(4) could not be more clear. A defendant has an appeal as of right from a sentence that he or she contends is contrary to law. Therefore, we will not dismiss this appeal on the basis that Pitts does not have an appeal as of right.
 {¶ 34} Finally, the state argues that defendant's sentence was not unlawful and the appeal should be dismissed. This argument goes to the merits of defendant's appeal and will not be addressed in ruling on a motion to dismiss.
 {¶ 35} The motion to dismiss is denied. The record in this case is certified to the Supreme Court of Ohio pursuant to Article IV, Section3(B)(4) of the Ohio Constitution as discussed above.
Motion denied.
Handwork, J., Skow, J., Parish, J., concur.
[1] The remainder of the categories of a defendant's appeal of right are:
"(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
"(a) The sentence was imposed for only one offense.
"(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
"(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13
of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
"(3) The person was convicted of or pleaded guilty to a violent sex offense or a designated homicide, assault, or kidnapping offense, was adjudicated a sexually violent predator in relation to that offense, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, `designated homicide, assault, or kidnapping offense' and `violent sex offense' have the same meanings as in section 2971.01 of the Revised Code. As used in this division, `adjudicated a sexually violent predator' has the same meaning as in section 2929.01 of the Revised Code, and a person is `adjudicated a sexually violent predator' in the same manner and the same circumstances as are described in that section.
"(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
"(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."