STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 BE 22 |
| VS. | ) | |
| | ) | OPINION |
| STACEY MCCABE-HEATHCOTE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 14 CR 167

JUDGMENT:                             Sentence Vacated; Remanded for
Resentencing

APPEARANCES:
For Plaintiff-Appellee              Daniel P. Fry
Belmont County Prosecuting Attorney
J. Flanagan
Assistant Prosecuting Attorney
Courthouse Annex 1
147-A W. Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant         Attorney Dennis McNamara
88 East Broad Street, Suite 1350
Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: March 14, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Stacey Heathcote appeals the April 2015 judgments of the Belmont County Court of Common Pleas in which she was sentenced to eighteen months in prison. Heathcote asserts that the trial court erred by failing to sentence her to community control sanctions. Because the trial court erred by operating under the presumption that a prison term was warranted for a fourth degree felony, the judgment of the trial court is reversed in part. Heathcote's sentence is vacated and the case remanded for resentencing.

{¶2} On July 3, 2014, the Belmont County Grand Jury indicted Heathcote for two counts of aggravating trafficking in controlled substances, R.C. 2925.03(A)(1), fourth degree felonies, and one count of aggravated possession of drugs, R.C. 2925.11(A), a first degree felony. On March 3, 2015, the State dismissed counts one and two and amended count three to possession of drugs, R.C. 2925.11, a fourth degree felony, in exchange for Heathcote's guilty plea. The parties agreed to a jointly recommend community control sanction with no agreement as to the conditions. The trial court accepted Ms. Heathcote's guilty plea and ordered a presentence investigation and Eastern Ohio Corrections Center evaluation.

{¶3} In the meantime, on March 11, 2015, Heathcote was cited and released in West Virginia for shoplifting. Her bond was revoked in the present case and a warrant issued for her arrest.

{¶4} On April 6, 2015, the sentencing hearing was held. The trial court rejected the joint sentencing recommendation of community control and imposed a maximum sentence of imprisonment of eighteen months at the Ohio State Women's Reformatory. At the close of the sentencing hearing counsel for Heathcote advised the court that the information contained in the PSI was incorrect.

{¶5} On April 10, 2015, the trial court conducted what it then termed a 'resentencing hearing' to clarify portions of the PSI. Heathcote again urged the court to accept the joint sentencing recommendation as to community control, but again the trial court imposed a maximum sentence of eighteen months.

{¶6} Heathcote filed timely notices of appeal from the April 6 and April 10,

2015 sentencing hearing entries. While this appeal was pending, on June 15, 2015, Heathcote was granted judicial release.  She was placed on five years of community control and as a condition she was ordered to serve up to 180 days in the Belmont County jail. In the event she violated the release, the court reserved the previous sentence of eighteen months, less time served.

{¶7}   On June 25, 2015, Heathcote filed a motion for early release from further commitment at the Belmont County jail. Although Heathcote was granted early release, the trial court stated that the community control sanctions and Post-Release Control sanctions remained in effect.

{¶8}   Throughout these proceedings the State has neither opposed Heathcote being sentenced to community control, nor objected to judicial release, and on appeal the State did not file a brief. Therefore, we may accept the facts and issues as stated in Heathcote's brief as correct and reverse the judgment if her brief reasonably appears to sustain such action. App.R. 18(C).

{¶9}   As Heathcote was granted judicial release and placed on community control, this raises the preliminary question of whether her appeal is moot or ripe for review.  In *State v. Pitts*, 6th Dist. No L-05-1212, 2005-Ohio-5461, the Sixth District was presented with the same circumstances and refused to find the appeal moot, reasoning that the original sentence could be reimposed if the defendant violated his community control. *Pitts* at ¶11. "Granting judicial release and placing the defendant on community control does not vacate the original sentence; the defendant may be subjected to the remainder of the sentence at a later date if he violates his community control sanction." *Id.*

{¶10}  Turning to the question of ripeness, arguably this may never give rise to an actual case or controversy if Heathcote does not violate the terms of her judicial release and is sentenced to imprisonment. Our sister district in *Pitts* reasoned:

> While this may seem to preclude an appeal in the present case until such time as Pitts violates his community control and the court actually imposes the remainder of his 11 month sentence, such is not the case.

In *State v. Johnson,* supra, we further stated, citing *State v. Baker,* 152 Ohio App.3d 138, 787 N.E.2d 17, 2002-Ohio-7295, at ¶ 20, "when the court imposes an actual prison sentence but then suspends that sentence and places the defendant on community control, the sentence is immediately appealable."

In fact, the *Baker* court holds that under these circumstances if a sentencing error could have been raised in a direct appeal and was not raised, that error is deemed to have been waived and cannot be raised in an appeal after the sentence is reimposed upon a violation of community control.

Accordingly, we find that Pitts's appeal of his 11 month sentence is ripe for review.

*Pitts,* ¶22-25.

**{¶11}** We find the Sixth District's rationale persuasive and adopt it as our own. As Heathcote would have waived the issue had it not been raised in this direct appeal, the appeal is not moot and is ripe for review.

**{¶12}** Heathcote asserts in her sole assignment of error:

Stacey Heathcote's sentence, a term of imprisonment for eighteen months in the Ohio Reformatory for Women, is contrary to law.

**{¶13}** Heathcote argues that as a first time felony offender, her eighteen month prison sentence, which is the maximum for a fourth degree felony, was contrary to law and that she should have been sentenced to community control.

**{¶14}** This Court is currently split as to the standard of review to apply in felony sentencing cases. See State v. Hill, 7th Dist. No. 13 MA 1, 2014–Ohio–919 (Vukovich, J., Donofrio, J., majority with DeGenaro, J., concurring in judgment only with concurring in judgment only opinion), which applied the two-part test set forth in

the plurality opinion in State v. Kalish, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, and State v. Wellington, 7th Dist. No. 14 MA 115, 2015–Ohio–1359 (Robb, J., DeGenaro, J., majority with Donofrio, J. concurring in judgment only with concurring in judgment only opinion) which applied R.C. 2953.08(G) and limiting appellate review of felony sentences to determining whether they are clearly and convincingly contrary to law. The issue is currently before the Ohio Supreme Court. State v. Marcum, 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453. Regardless of which standard of review is applied here, the outcome is the same.

{¶15} This Court held in State v. Johnson, 7th Dist. 08 MA 72, 2008-Ohio-6206, ¶ 9: "Contrary to the trial court's explicit conclusion to the contrary, there is not a presumption in favor of a prison term for fourth-degree felonies. R.C. 2929.13(B)."

{¶16} Heathcote was convicted of a fourth-degree felony and the trial court sentenced her to the maximum term of eighteen months in prison. She had no prior felony offenses and was only facing sentencing on the fourth degree felony. In its judgment entry the trial court stated, "the court finds that the factors contained in Ohio Revised Code §2929.12(B) and (D) presume in favor of incarceration." This is a misstatement of law. R.C. 2929.12(B) and (D) outline factors for the trial court to consider in felony sentencing, not a presumption of incarceration.

> It is simply unfair to apply a presumption where there is none. Although the trial court considered the relevant statutory factors and concluded that Johnson was not amenable to community control sanctions, the court proceeded on the presumption that a prison term was favored. A hurdle to freedom from confinement was placed before Johnson that she was probably unaware of, had no reason to expect, and simply did not apply to her situation.

Johnson at ¶12.

{¶17} Thus, the trial court erred when it sentenced Heathcote because it presumed a prison term was favored for a fourth degree felony conviction when it is

not.  Accordingly, her sole assignment of error is meritorious, her sentence is vacated and the case is remanded to the trial court for resentencing.

Waite, J., concurs.

Robb, J., concurs.