[Cite as *State v. Johnston*, 2024-Ohio-2337.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 22AP-09<br>(C.P.C. No. 21CR-2903) |
| Brandon Johnston, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 18, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael A. Walsh*, for appellant. **Argued:** *Jeffrey D. Devereau.*

**On brief:** *Scott W. Culbert*, for appellee. **Argued:** *Scott W. Culbert.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the December 9, 2021 decision of the Franklin County Court of Common Pleas sentencing the defendant-appellee, Brandon Johnston, to a definite sentence of four years of incarceration for a second-degree felony charge of burglary, and a concurrent sentence of 12 months for having weapon under disability.

{¶ 2} At the sentencing hearing, the court indicated it would consider judicial release after six months, and then the following exchange occurred:

THE COURT: Yeah. Let's talk about Reagan Tokes. Go ahead and have a seat, Mr. Johnston.

The Court has held that the Reagan Tokes Act, Senate Bill 201, is unconstitutional; that it violates the separation of powers. It

> violates due process, those clauses of the Ohio and the United States Constitution.
>
> I did, at the time of the plea, advise Mr. Johnston of the possibility of an indeterminate sentence. However, based upon that finding, I'm not imposing an indeterminate sentence. I do find that those portions of Senate Bill 201 are unconstitutional. So it will be a determinate sentence of four years.
>
> Thank you, Ms. Bayer, for bringing that to the Court's attention. Do you wish to make an objection?
>
> MS. BAYER: Your Honor, we would just note an objection until there is a ruling on that, thank you -- from the higher courts.
>
> THE COURT: Thank you. And I will note the State's objection to the Court's ruling for the record.

(Dec. 9, 2021 Tr. at 9-10.) The state filed a timely appeal of the sentence, which was stayed by this court before briefing on January 7, 2022.

{¶ 3} On June 16, 2023, Johnston filed a pro se motion for judicial release, and following a hearing on August 3, 2023, the trial court granted Johnston's motion and released him on three years of community control. (*See* June 16, 2023 Decision & Entry on Def.'s Mot. for Judicial Release.) But in the interim period, the Supreme Court of Ohio issued a decision in *State v. Hacker*, 173 Ohio St.3d 219, 2023-Ohio-2535, and held that "the Reagan Tokes Law is constitutional." *Id.* at ¶ 41. Accordingly, the state filed a motion to reactivate the appeal pending before this court, which was granted. (Aug. 24, 2023 Journal Entry.)

{¶ 4} The state asserts a single assignment of error, that "[t]he trial court imposed a sentence contrary to law." The state contends that the trial court was required to impose an indefinite sentence pursuant to the Reagan Tokes Law's amendment to R.C. 2929.14(A)(2)(a) and asserts that the trial court's judgment must be reversed, and the case must be remanded for a new sentencing hearing.

{¶ 5} In response, Johnston confesses error and agrees that this court must follow *Hacker*. But both parties recognize that as an initial matter, this court must determine whether the trial court's decision to place Johnston on judicial release moots this appeal. Johnston argues that the release rendered the appeal moot because the state is simply

attacking the correctness of a sentence that has already been served.  In response, the state argues that this court should follow the Sixth District's holding in *State v. Pitts*, 6th Dist. No. L-05-1212, 2005-Ohio-5461, ¶ 6-8, that the grant of judicial release while a sentencing appeal is pending does not moot the appeal.

{¶ 6}    We begin by observing that the plain text of the judicial release statute goes a long way towards resolving this question. R.C. 2929.20(K) provides, in pertinent part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender or state of emergency-qualifying offender, shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court *and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction*. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed on the eligible offender or state of emergency-qualifying offender as a result of the violation that is a new offense.

(Emphasis added.)  R.C. 2929.20(K).  The *Pitts* court properly relied upon this provision and held that:

> [g]ranting judicial release and placing the defendant on community control does not vacate the original sentence; the defendant may be subjected to the remainder of the sentence at a later date if he violates his community control sanction. * * *. Thus, the propriety of defendant's original sentence is not moot since it can be reimposed in the future.  *If the defendant was initially incorrectly sentenced, that incorrect sentence follows him until his community control is completed or the terms of the community control are violated and the remainder of the sentence is reimposed*. We find that in the circumstances of this case, the issue of whether a sentencing error was made does not become moot until the sentence has been fully served or the community control period ends.

(Emphasis added.)  *Pitts* at ¶ 11.

{¶ 7}    We find the *Pitts* rationale persuasive and agree with the state that "had Johnston served his entire sentence, its appeal would be moot."  (Reply Brief of Appellant at 4.) But because Johnston was granted judicial release prior to the expiration of his sentence, the *Pitts* rationale applies—the case is therefore not moot, and the state's assignment of error must be sustained pursuant to *Hacker*.

{¶ 8}    But the state also admits that based on the trial court's earlier grant of judicial release and Johnston's expectation of liberty based on that judicial release, the scope of the remand should be limited. As the state suggests, "this Court can order the trial court to resentence Johnston so that, should Johnston violate the terms of his judicial release, it could reimpose a Regan-Tokes Act compliant sentence following *Hacker*." *Id*. at 4-5. Accordingly, the state concedes that absent a violation Johnston should remain on judicial release. Because Johnston was indisputably eligible for judicial release pursuant to R.C. 2929.20 and because the trial court's decision to grant judicial release has not been challenged on any basis, we agree.

{¶ 9}    For the foregoing reasons, the state's sole assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded for the limited purpose of allowing the trial court to hold a sentencing hearing at which it may announce an indeterminate sentence compliant with the Reagan Tokes Law.

*Judgment reversed and*
*remanded with instructions.*

MENTEL, P.J. and EDELSTEIN, J., concur.

—————————